THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICANOR VASQUEZ-MENDOZA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND TWO MOTIONS TO PRODUCE MEDICAL RECORDS**<br><br>Case No. 4:20-cr-00153-DN<br><br>District Judge David Nuffer |

Defendant Nicanor Vasquez-Mendoza's Motion for Compassionate Release ("Motion") seeks early release from prison based on his alleged rehabilitation; the lack of risk that he poses to community; and the disparity between "his age and his youth" at the time of the offense.[1] Defendant also filed two motions seeking an order for the government to produce his medical records to support his Motion ("Medical Motions").[2] The government and the United States Probation Office oppose Defendant's Motion[3] but provided the medical records he sought.[4]

Defendant's Motion[6] is DENIED because: (1) Defendant has failed to establish that he exhausted his administrative remedies; (2) there is nothing extraordinary or compelling about

---

[1] Motion to Reduce Sentence Pursuant 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) ("Motion"), docket no. 22, filed Sept. 18, 2023.

[2] First Motion for Medical Records, docket no. 23, filed Sept. 18, 2023; Second Motion for Medical Records, docket no. 24, filed Sept. 24, 2023 (collectively, "Medical Motions").

[3] United States' Opposition to Defendant's Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 27, filed Oct. 23, 2023; First Step Act Relief Recommendation ("Recommendation"), docket no. 31, filed Nov. 3, 2023. Mr. Vasquez-Mendoza has not filed a reply memorandum in support of his Motion. Regardless, a reply would not affect the determination of his Motion.

[4] Bureau of Prisons Medical Records, docket no. 29-2, at 1-97, filed Oct. 23, 2023.

[6] Motion, docket no. 22, filed Sept. 18, 2023.

Defendant's circumstances; and (3) the 18 U.S.C. § 3553(a) factors weigh heavily against Defendant's release or a reduction in his sentence. Additionally, Defendant's Medical Motions[7] are MOOT because the government filed Defendant's medical records in response to Defendant's Medical Motions.[8]

## BACKGROUND

Three years ago, Defendant shot and killed Skyler Armstrong.[9] Defendant was arrested and charged by the State of Utah for murder, firearm offenses, narcotics, and obstruction charges.[10] Later, he pleaded no contest to manslaughter and one of the firearm charges.[11] A related federal investigation resulted in the discovery of an AR-15 rifle; a receipt for a .38 revolver that was used to shoot Mr. Armstrong; empty baggies; and an ounce of methamphetamine.[12]

The government charged Defendant with one count of possessing methamphetamine with intent to distribute and one count of unlawfully possessing a firearm in furtherance of a drug trafficking crime.[13] Defendant pleaded guilty to both counts and was sentenced to 240 months of imprisonment.[14] Defendant's 240-month prison sentence was below his guidelines range of 295 to 300 months.[15]

---

[7] First Motion for Medical Records, docket no. 23; Second Motion for Medical Records, docket no. 24.

[8] Bureau of Prisons Medical Records, docket no. 29-2, at 1-97, filed under seal Oct. 23, 2023.

[9] Response, docket no. 27, at 2.

[10] *Id.*

[11] *Id.*

[12] Presentence Investigation Report docket no. 29-1, ¶13 at 6, filed under seal Oct. 23, 2023.

[13] *Id.* ¶1 at 4.

[14] *Id.* ¶64 at 14.

[15] *Id.* ¶¶62, 64 at 13-14.

Defendant's is currently incarcerated at Federal Correction Institution ("FCI") Victorville, with an expected release date of August 29, 2036.[16] On September 18, 2023, Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).[17]

## DISCUSSION

### Defendant's Motion is Procedurally Improper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court [for] him or herself."[18] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"[19]

In *United States v. Hemmelgarn*, the Tenth Circuit Court of Appeals upheld the denial of a compassionate release motion based on the defendant's failure to fully exhaust his administrative remedies.[20] The Tenth Circuit observed that the defendant failed to file evidence that he filed for compassionate release with the BOP, and "the document the [defendant] references is not among the materials he submitted to either the district court or [the Tenth Circuit]."[21]

---

[16] Presentence Investigation Report, docket no. 31, at 4.

[17] Motion, at 1-9.

[18] *United States v. Williams*, 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020).

[19] 18 U.S.C. § 3582(c)(1)(A).

[20] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021).

[21] *Id.*

Defendant indicates in his Motion that he submitted a request for compassionate release to the warden at FCI Victorville and waited the required 30 days before filing his Motion.[22] However, Defendant did not file any evidence that he submitted a request for compassionate release with the warden.[23] In the absence of such evidence, Defendant's Motion is procedurally improper.

Nevertheless, the First Step Act's exhaustion requirement is a claim-processing rule and not jurisdictional.[24] "Jurisdictional rules go to the courts' authority to hear a case."[25] "[M]andatory claim-processing rules do not implicate the courts' adjudicatory authority, but rather promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."[26] Thus, courts may review the merits of a prisoner's motion for compassionate release even when the prisoner failed to meet the exhaustion requirement.[27] The merits of Defendant's Motion will be considered.

### Defendant Fails to Demonstrate Extraordinary and Compelling Reasons to Warrant a Reduced Sentence or Compassionate Release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the

---

[22] Motion, at 2.

[23] *Id*. at 1-8; Proposed Release Plan, at 1-3, docket no. 22-1, filed Sept. 18, 2023; Response, at 5.

[24] *Hemmelgarn*, 15 F.4th at 1030-31.

[25] *Id*. at 1030.

[26] *Id*.

[27] *United States v. Purify*, 2021 WL 5758294, at *4 (10th Cir. Dec. 3, 2021) (unpublished); *United States v. Edmunds*, 2:17-cr-00276-DN, 2022 WL 16553186, at *1 (D. Utah Oct. 31, 2022); *United States v. Cameron*, 2:14-cr-00497-DN, 2022 WL 123569, at *1 (D. Utah Jan. 13, 2022).

United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[28]

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' " to warrant compassionate release.[29] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[30] The USSC's new Policy Statement for the First Step Act, which became effective on November 1, 2023, was reviewed for this Motion.

First, Defendant claims his unspecified medical issues constitute extraordinary and compelling grounds that justify a reduced sentence or a compassionate release.[31] A prisoner fails to demonstrate a medical condition is an extraordinary and compelling reason to justify a sentence reduction when the prisoner fails to explain why their condition prevents self-care while in custody.[32] Neither Defendant's Motion nor his medical records detail any medical conditions that: (1) could constitute an extraordinary and compelling reason to warrant relief; or (2) would prevent Defendant from providing self-care while in custody.[33] Therefore, Defendant's unspecified medical issues do not constitute an extraordinary and compelling reason for compassionate release or a reduced prison sentence.

Second, Defendant mentions that an undefined "disparity" justifies his release.[34] Defendant's conclusory statement fail to explain what this "disparity" is or why it constitutes an

---

[28] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[29] *Id*. at 832.

[30] *Id*.

[31] Motion, at 4.

[32] *United States v. Shepherd*, 4:19-cr-00128-DN-PK-3, 2020 WL 7771029, at *2 (D. Utah Dec. 30, 2020).

[33] *Id*.

[34] Motion, at 4 and 6.

extraordinary and compelling reason to reduce his prison sentence. Even though Defendant is appearing *pro se* and his Motion must be construed liberally, he still "bears the burden of establishing that he is eligible for the requested sentence reduction."[35] Furthermore, Defendant's 240-month sentence is well below his guideline range of 295 to 300 months.[36] This below-guideline sentence undermines Defendant's suggestion that his prison sentence was overly punitive. Therefore, Defendant fails to meet his burden that the asserted "disparity" constitutes an extraordinary and compelling reason that justifies his release.

Third, Defendant argues a sentence reduction is warranted based upon his significant rehabilitation over the significant length of time he has already served in prison.[37] Defendant has served less than 25% of his 240-month sentence.[38] Regarding Defendant's rehabilitation efforts, it is commendable that he has availed himself to educational courses and forged meaningful relationships with other inmates and his family members. However, rehabilitation by itself is not appropriate grounds for relief under § 3582(c)(1) because Congress has expressly instructed that: "Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason for early release."[39] Therefore, Defendant's rehabilitation efforts do not constitute an extraordinary and compelling reason to warrant relief.

On this record, whether considered individually or collectively, the grounds on which Defendant seek compassionate release fail to constitute extraordinary and compelling reasons to warrant relief.

---

[35] *United States v. Larson*, 2:11-CR-715-DAK, 2022 WL 558338, at *1 (D. Utah Feb. 24, 2022).

[36] Presentence Investigation Report ¶¶62, 64, at 13-14.

[37] Motion, at 4.

[38] Response, at 7.

[39] 28 U.S.C. § 994(t); *see also United States v. Mata-Soto*, 861 Fed. Appx. 251, 255-56 (10th Cir. 2021).

**The § 3553(a) Factors Weigh Against Reducing Vasquez-Mendoza's Sentence**

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."[41] Defendant fails to meet the prerequisite of establishing extraordinary and compelling reasons to warrant relief. Regardless, the relevant factors of 18 U.S.C. § 3553(a) also do not support granting Defendant compassionate release. The relevant factors to evaluate Defendant's Motion include:

> • the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> • the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense;
>
> • the need to protect the public from further crimes of the defendant.[42]

The circumstances surrounding Defendant's offense weigh heavily against reducing his prison sentence. According to witness statements detailed in the Presentence Investigation Report, Defendant, who had been smoking methamphetamine, pulled out a revolver, placed one bullet in the chamber, and spun the cylinder.[43] Defendant pointed the gun at a juvenile in the room, then pointed it at 18-year-old Skyler Armstrong and pulled the trigger.[44] The gun discharged and the bullet struck Mr. Armstrong in the head and killed him.[45]

Defendant was prosecuted separately in state court for the homicide. But his 240-month prison sentence remains necessary to reflect the seriousness of Defendant's federal crimes and to

---

[41] *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

[42] 18 U.S.C § 3553(a)(1)-(2).

[43] Presentence Investigation Report ¶11, at 5-6.

[44] Presentence Investigation Report ¶11, at 6.

[45] Presentence Investigation Report ¶11, at 6.

promote respect for the law. The 240-month prison sentence is also necessary to adequately deter Defendant from engaging in further crimes. And Defendant was sentenced only two-and-a-half years ago, and his custodial sentence remains necessary to protect the public.

The serious nature and circumstances of Defendant's offense, the appropriateness of the original 240-month sentence, and the need to protect the public from further crimes preclude granting compassionate release or a reduction to Defendant's prison sentence. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Defendant's request for compassionate release.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[46] is DENIED.

IT IS FURTHER ORDERED that Defendant's Medical Motions[47] are MOOT.

Signed February 13, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[46] Motion to Reduce Sentence Pursuant 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 22, filed Sept. 18, 2023.

[47] First Motion for Medical Records, docket no. 23, filed Sept. 18, 2023; Second Motion for Medical Records, docket no. 24, filed Sept. 24, 2023.