THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICANOR VASQUEZ-MENDOZA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Case No. 4:20-cr-00153-DN<br><br>District Judge David Nuffer |

Defendant Nicanor Vasquez-Mendoza's Motion to Reduce Prison Sentence ("Motion") seeks early release from prison pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.[1] Defendant's Motion requests that his term of imprisonment be reduced from 180 months to a sentence of 100 to 125 months.[2]

The United States Probation Office ("Probation Office") filed a Response[3] that noted the Motion did not specify: (1) the reasons Defendant should receive a sentence reduction; or (2) whether Defendant is applying for a sentence reduction as a zero-point offender or a status-point adjustment under the new amendment.[4] In any case, Defendant is not eligible for a zero-point offender adjustment because he received criminal history points.[5] Additionally, Defendant is not eligible for a status-point adjustment under the new amendment because he did not receive any

---

[1] Pro se Motion to Reduce Sentence Under USSC Amendment 821 ("Motion"), docket no. 33, filed December 22, 2023.

[2] Motion, docket no. 33, filed December 22, 2023.

[3] Response to Motion to Reduce Sentence, docket no. 36, filed January 31, 2024.

[4] Response to Motion to Reduce Sentence, docket no. 36, at 1.

[5] Response to Motion to Reduce Sentence, docket no. 36, at 1; Sealed Presentence investigation Report, docket no. 36-1, at 8-9, filed January 31, 2024.

status points for being under a criminal justice sentence at the time of the instant offense.[6] In other words, the status-point adjustment under the new amendment is not applicable to the defendant since he did not receive any status points.[7]

The government agrees that Defendant is not eligible for a sentence reduction.[8] Additionally, the Federal Public Defender advised the Probation Office that: (1) defendant is not eligible for a sentence reduction under Amendment 821; and (2) Defendant is not eligible for appointment of the Federal Public Defender pursuant to Judge Shelby's General Order 23-010.[9] Judge Shelby's General Order 23-010 limits the appointment of the Federal Public Defender to "those cases affected or potentially affected by the retroactive application of Parts A and B, Subpart 1 of Amendment 821[.]"[10] For these reasons, Defendant is not eligible for a zero-point offender adjustment or a status-point adjustment.

## ORDER

Defendant's Motion to Reduce his Prison Sentence is DENIED.

Signed February 27, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[6] Response to Motion to Reduce Sentence, docket no. 36, at 1.

[7] Response to Motion to Reduce Sentence, docket no. 36, at 1.

[8] Response to Motion to Reduce Sentence, docket no. 36, at 1.

[9] Response to Motion to Reduce Sentence, docket no. 36, at 1-2.

[10] General Order 23-010, at 2.